USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/8/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

GIRA ELISA ROMERO,
*ON BEHALF OF MS. SHANTIELL*
*GUADALUPE CRISOSTOMO*,

                              Plaintiff,

           -against-

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

----------------------------------------------------------------X

**OPINION AND ORDER**

**1:17-cv-05872 (KHP)**

        Pro se Plaintiff, Gira Elisa Romero, on behalf of Ms. Shantiell Guadalupe Crisostomo ("S.G.C."), brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner of the Social Security Administration's ("Commissioner") dismissal of Plaintiff's request for a hearing on a claim for Supplemental Security Income ("SSI") benefits after Plaintiff failed to appear at a scheduled hearing before an Administrative Law Judge ("ALJ"). The Commissioner has moved for dismissal of this action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) or, alternatively, pursuant to Federal Rule of Civil Procedure 56(a) because Plaintiff has not exhausted her administrative remedies. (Doc. No. 25.) For the reasons stated below, the motion is GRANTED.

## BACKGROUND

        On March 19, 1996, Plaintiff filed an application for Title XVI disability benefits on behalf of her daughter, S.G.C. The claim for benefits was allowed under the childhood disability standards. S.G.C. turned 18 years old on July 23, 2013. Based on a redetermination of disability

under the rules for adults, S.G.C. was found no longer disabled as of June 3, 2014. On August 14, 2014, Plaintiff sought reconsideration on behalf of her daughter. A disability hearing officer subsequently upheld the determination that S.G.C. was no longer disabled as of June 3, 2014.

On December 31, 2014, Plaintiff requested a hearing before an Administrative Law Judge to review the claim, which was scheduled for October 19, 2016. The Social Security Administration ("SSA") mailed notice of the hearing to Plaintiff at the Bronx, New York address on file. The notice contained an explanation of how to request a change in the time and place for the hearing and also advised that a failure to appear without good cause could result in dismissal of the claim. The notice also included an acknowledgment of receipt, which was not returned by Plaintiff or S.G.C. On or about October 5, 2016, the SSA sent a reminder of the October 19, 2016 hearing to S.G.C. Neither Plaintiff nor S.G.C. responded to the reminder notice.

Neither Plaintiff nor S.G.C. appeared at the scheduled hearing on October 19, 2016. Thus, on or about December 1, 2016, the SSA mailed a Notice to Show Cause for Failure to Appear. Neither Plaintiff nor S.G.C. responded to the notice. Accordingly, on February 1, 2017, an ALJ issued an Order of Dismissal dismissing S.G.C.'s request for a hearing because she failed to appear at the scheduled hearing.

S.G.C. sought review of the ALJ's Order of Dismissal, which the Appeals Council denied on July 18, 2017. On the same day, the SSA mailed S.G.C. a Notice of Overpayment indicating that S.G.C. had been paid excess SSI benefits for the period September 2014 through February 2017. The notice informed S.G.C. of her right to ask for a waiver or an administrative appeal. Neither Plaintiff nor S.G.C. requested a waiver or filed an appeal of the Notice of Overpayment.

On August 2, 2017, Plaintiff filed the instant action on behalf of S.G.C. The Commissioner moved for dismissal of the action on December 4, 2017. Plaintiff did not respond to the motion, prompting this Court to issue an order *sua sponte* granting Plaintiff additional time to respond. On January 12, 2018, Plaintiff filed a letter opposing the Commissioner's motion to dismiss. In the letter Plaintiff admits that she and S.G.C. failed to appear at the hearing before the ALJ on October 19, 2016 but explains that she and S.G.C. missed the hearing because Plaintiff's grandmother passed away on October 16, 2016 and she and S.G.C. had to attend the wake and funeral on October 19, 2016, the date of the scheduled hearing. Plaintiff provided her grandmother's death certificate and other documentation to substantiate her explanation as well as a letter from S.G.C.'s doctor stating that S.G.C. is under a doctor's care for anxiety, disruptive mood dysregulation disorder, intermittent explosive disorder, pervasive developmental disorder, and moderate intellectual disabilities.

## DISCUSSION

"Where a Rule 12(c) motion asserts that a court lacks subject matter jurisdiction, the motion is governed by the same standard that applies to a Rule 12(b)(1) motion." *Cruz v. AAA Carting & Rubbish Removal, Inc.*, 116 F. Supp. 3d 232, 239 (S.D.N.Y. 2015) (quotations omitted). Under Federal Rule 12(b)(1), a defendant may move, in lieu of an answer, for dismissal of a complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). In evaluating a motion to dismiss under Rule 12(b)(1), the court accepts as true all factual allegations in the complaint; however, it should not draw inferences favorable to the party asserting jurisdiction. *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 116 (2d Cir. 2004). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court

lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. *Id.* In reviewing the complaint, the Court is mindful that, "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Accordingly, the Court interprets the complaint "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006).

Under Section 405(g) of the Social Security Act, the court is authorized to review a claim for social security benefits only after the agency has made a final decision on the claim. *See* 42 U.S.C. § 405(g). A final decision generally is made by the agency after the claimant has gone through a series of administrative appeals, attended a hearing before the ALJ and, if unhappy with the ALJ's decision, appealed to the Appeals Council. *See id.*; *Bowen v. City of New York,* 476 U.S. 467, 482-83 (1986). Indeed, the Second Circuit has interpreted Section 405(g) to grant jurisdiction to the federal courts only if the SSA's decision follows an actual hearing on the merits. *Dietsch v. Schweiker*, 700 F.2d 865, 867 (2d Cir. 1983). A "[d]ismissal for failure to appear at the hearing does not constitute a final decision on the merits and consequently cannot be reviewed under 42 U.S.C. § 405(g)." *Dunn v. Comm'r of Soc. Sec.*, No. 13-cv-4398 (KMK) (JCM), 2016 WL 7015827, at *3 (S.D.N.Y. Sept. 21, 2016), *adopted by*, 2016 WL 6962544 (S.D.N.Y. Nov. 28, 2016).

In this case, Plaintiff did not obtain a final decision by the agency after a hearing on the merits. Rather, Plaintiff missed the hearing, albeit for understandable reasons, and did not

4

respond to the SSA's Notice to Show Cause or otherwise inadvertently send a response to the wrong recipient. Thus, the ALJ dismissed Plaintiff's request for a hearing due to her unexplained failure to appear at the hearing, and the Appeals Council thereafter denied Plaintiff's request for review. Because Plaintiff's claim here is based on the dismissal of her request for a hearing after she failed to appear, and not the outcome of a merits-based hearing, it is not a "final decision" under Section 405(g) of the Social Security Act. Therefore, this Court lacks jurisdiction over this matter absent an exception. *See id.*

Although the SSA has discretion to waive the exhaustion requirement, *Bowen*, 476 U.S. at 483, the SSA has not done so in this case. A court may itself excuse exhaustion if the plaintiff's claim is collateral to a demand for benefits, exhaustion would be futile, or the requirement of exhaustion would result in irreparable harm. *Skubel v. Fuoroli*, 113 F.3d 330, 334 (2d Cir. 1997). Here, Plaintiff has not demonstrated that she falls under any of these exceptions. Further, Plaintiff has not raised a colorable constitutional claim relating to the agency decision. *See Moses v. Colvin*, No. 13-cv-2041 (LGS) (JCF), 2013 WL 5663071, at *3 (Oct. 17, 2013 S.D.N.Y.) (courts have dispensed with the hearing requirement when "the plaintiff has raised a colorable constitutional claim relating to the agency decision"). Accordingly, no exceptions apply and this Court therefore lacks jurisdiction over this action.

Because Plaintiff may petition the SSA to reopen and revise its determination under 20 C.F.R. § 416.1487, Plaintiff is strongly encouraged to contact the New York County Lawyers Association ("NYCLA") (a NYCLA flyer is attached to this Opinion and Order). NYCLA is an organization that provides free legal assistance to litigants with Social Security cases and may

5

provide Plaintiff with advice on how to utilize the administrative remedies provided for in the Social Security Act so that the SSA may render a final decision on the merits.

## CONCLUSION

For the reasons set forth above, the Commissioner's motion to dismiss (Doc. No. 25) is GRANTED. The Clerk is respectfully directed to close this action.

**SO ORDERED.**

Dated: February 8, 2018
      New York, New York

                                          KATHARINE H. PARKER
                                          United States Magistrate Judge



**President**
Carol A. Sigmond

**President-Elect**
Michael J. McNamara

**Vice President**
Stephen C. Lessard

**Secretary**
Megan P. Davis

**Treasurer**
Vincent T. Chang

**Immediate Past President**
Lewis F. Tesser

September 15, 2016

**Notice to all plaintiffs who have <u>Social Security cases</u> and <u>SSI</u> cases:**

You have started a lawsuit in federal court against the Social Security Administration. <u>If you cannot afford a lawyer, you may qualify for free legal representation.</u>

The New York County Lawyers Association has provided free legal assistance to thousands of people who cannot afford lawyers. We have a program which provides lawyers in Social Security and SSI cases in federal court.

<u>The program is free</u>. The lawyers in our program are well-trained in Social Security law and have the resources that they need to represent you capably and zealously.

If you would like to consult with one of our lawyers, please call Carolyn A. Kubitschek, at 212-349-0900, or email Lois Davis, ldavis@nycla.org. We cannot promise that everyone who calls will get a lawyer, but we are committed to providing as many individuals as possible with free legal representation.

Sincerely,

*Carol A. Sigmond*

Carol A. Sigmond
President
New York County Lawyers Association